IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2013 Term

No. 11-1777

**FILED**

**April 18, 2013**

**released at 3:00 p.m.**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

JOHN ALAN BOYCE,
Defendant Below, Petitioner

Appeal from the Circuit Court of Kanawha County
Honorable Charles E. King, Judge
Criminal Case No. 91-F-209

AFFIRMED

Submitted: April 10, 2013
Filed: April 18, 2013

Shawn D. Bayliss, Esq.
Bayliss Law Offices
Hurricane, West Virginia
Counsel for Petitioner

Patrick Morrisey
Attorney General
Benjamin F. Yancey, III, Esq.
Assistant Attorney General
C. Casey Forbes, Esq.
Charleston, West Virginia
Counsel for the Respondent

The Opinion of the Court was delivered PER CURIAM.

1.  "The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997).

2.  "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

3.  "When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal

the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings." Syl. Pt. 3, *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975).

4. "Where there is a plea bargain by which the defendant pleads guilty in consideration for some benefit conferred by the State, the trial court should spread the terms of the bargain upon the record and interrogate the defendant concerning whether he understands the rights he is waiving by pleading guilty and whether there is any pressure upon him to plead guilty other than the consideration admitted on the record." Syl. Pt. 4, *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975).

5. "A trial court should spread upon the record the defendant's education, whether he consulted with friends or relatives about his plea, any history of mental illness or drug use, the extent he consulted with counsel, and all other relevant matters which will demonstrate to an appellate court or a trial court proceeding in *habeas corpus* that the defendant's plea was knowingly and intelligently made with due regard to the intelligent waiver of known rights." Syl. Pt. 5, *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975).

6. "There are three components of a constitutional due process violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982): (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial." Syl. Pt. 2, *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007).

Per Curiam:

John Alan Boyce, defendant below, appeals from the November 29, 2011, re-sentencing order of the Circuit Court of Kanawha County. Mr. Boyce was sentenced to life in prison without mercy after he had pled guilty in 1992 to murder in the first degree.

Mr. Boyce now contends that the plea should be vacated and the case remanded for trial by claiming that the plea he tendered was not knowingly and intelligently made. His argument turns on the reversal of the conviction by this Court of a co-defendant who was tried separately months after Mr. Boyce pled guilty.[1] The co-defendant's conviction was overturned because of an illegal arrest, thus making the confession obtained from the co-defendant inadmissible. Mr. Boyce essentially argues that the co-defendant's confession was the basis for his own arrest, so knowledge of the questionable nature of the circumstances under which the co-defendant's confession was taken should have been pointed out to him before he tendered his plea. He maintains that without this information his plea could not have been knowingly and intelligently made.

Having fully considered the parties' briefs, argument, and the record accompanying the appeal, we find no error and affirm the judgment of the lower court.

---

[1] *See State v. Jones*, 193 W.Va. 378, 456 S.E.2d 459 (1995).

1

## I. Factual and Procedural Background

Mr. Boyce and Doug E. Jones were indicted on July 30, 1991, for the March 4, 1991, murder of Frank Stafford. Mr. Boyce entered a plea of guilty to murder in the first degree on November 6, 1992, while Mr. Jones's case proceeded to trial. The written plea agreement offered Mr. Boyce by the State and signed by Mr. Boyce and both of his attorneys was reviewed by the trial court at a plea hearing on November 6, 1992.

The transcript of the plea hearing indicates that the entire proceeding lasted sixty-five minutes during which time the trial court reviewed the plea, informed Mr. Boyce of his rights, and questioned Mr. Boyce about his mental state and his understanding of the plea. The trial court accepted the plea of guilty in 1992, after concluding that the predicate standards essential for accepting a guilty plea were met. The record reflects that Mr. Boyce also completed a guilty plea document at the hearing by signing each of the three pages comprising the written plea while the judge explained the constitutional rights and consequences of waiving them as detailed therein. The initial order sentencing Mr. Boyce to life imprisonment without the possibility of parole was entered February 18, 1993.

Mr. Jones's case continued to proceed to trial which was held in May 1993. The jury returned a verdict finding Mr. Jones guilty of being a principal in the second degree to the first degree murder of Mr. Stafford. The jury recommended mercy and Mr. Jones was

sentenced to life imprisonment with the possibility of parole. Mr. Jones appealed. The conviction was reversed upon this Court finding that an illegal arrest had occurred due to the extensive period of time that Mr. Jones was held in custodial detention during which the police lacked probable cause to arrest. The confession given by Mr. Jones during the illegal detention was also deemed inadmissible. *State v. Jones*, 193 W.Va. 378, 380, 456 S.E.2d 459, 461.

No appeal of Mr. Boyce's February 18, 1993, sentencing order was timely filed, but Mr. Boyce eventually filed a pro se petition with this Court in 2010 seeking habeas relief. By order dated October 27, 2010, this Court granted relief by ordering that Mr. Boyce be re-sentenced for purposes of presenting his petition for appeal. Re-sentencing orders enlarging the appeal period were entered by the lower court on February 16, 2011, October 17, 2011, and November 29, 2011. Mr. Boyce's appeal was filed with this Court on December 22, 2011, asserting both procedural and constitutional error.

## II. Standard of Review

This appeal is taken from a sentencing order which "[t]he Supreme Court of Appeals reviews . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). As Mr. Boyce's claims of reversible error are founded

3

on procedural and constitutional grounds, we further note that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III. Discussion

Mr. Boyce presents two grounds for relief, the first regarding procedural error by the circuit court, and the second claiming constitutional error in the State's failure to provide exculpatory evidence. A more detailed explanation of each follows.

### A. *Procedural Error: Knowing and Intelligent Waiver*

According to Mr. Boyce, he could not have knowingly and intelligently entered a plea of guilty because the circuit court did not make sure he was informed of the possibility that Mr. Jones's arrest could be deemed illegal on appeal, making any statement the co-defendant made attendant to his arrest inadmissible. Mr. Boyce suggests that his own arrest was solely based on information contained in Mr. Jones's confession.

Mr. Boyce stresses that nothing in the transcript from the plea hearing sets forth the extent of his trial counsels' investigation of the co-defendant's case and the circumstances surrounding the co-defendant's arrest and confession. He further notes that

4

the State was not called upon and did not offer any information regarding these potential problems in the co-defendant's case. Mr. Boyce also maintains that the trial court should have required Mr. Boyce to use his own words rather than simply respond with "yes" and "no" answers to questioning during the plea colloquy. The State disagrees and asserts that the plea colloquy was more than adequate under existing standards and that Mr. Boyce was supplied with all necessary information under the law before entering his plea.

The procedures and requirements governing the acceptance of guilty pleas are contained in Rule 11 of the *West Virginia Rules of Criminal Procedure* (hereinafter "Rule 11"), in conjunction with the standards set forth in *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975). The Rule 11 provisions most pertinent to our discussion follow:

> (c) *Advice to defendant.* — Before accepting a plea of guilty or nolo contendere, the **court must address the defendant personally and in open court and inform the defendant of, and determine the defendant understands**, the following:
> (1) The **nature of the charge** to which the plea is offered, the **mandatory minimum penalty** provided by law, if any, **and** the **maximum possible penalty** provided by law; and
> (2) If the defendant is not represented by an attorney, that the defendant has the **right to be represented by an attorney** at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant; and
> (3) That the defendant has the **right to plead not guilty** or to persist in that plea if it has already been made, and that the defendant has the **right to be tried by a jury** and at that trial the right to the assistance of counsel, the **right to confront and cross-examine adverse witnesses**, the **right against compelled self-incrimination**, and the **right to call witnesses**; and

5

(4) That if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that **by pleading guilty or nolo contendere the defendant waives the right to a trial**; and

(5) If the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has pleaded, that the **defendant's answers may later be used against the defendant in a prosecution for perjury or false swearing.**

(d) *Ensuring that the plea is voluntary.* — The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, **determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement**. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from **prior discussions between the attorney for the state and the defendant or the defendant's attorney**.

(Boldface emphasis added). These predicate Rule 11 requirements to acceptance of a guilty plea are similarly summarized in the following syllabus points of *Call v. McKenzie*:

3. When a criminal defendant proposes to enter a plea of guilty, the trial judge should **interrogate** such **defendant on the record with regard to his intelligent understanding of the following rights**, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

4. Where there is a plea bargain by which the defendant pleads guilty in consideration for some benefit conferred by the State, the trial court should **spread the terms of the bargain upon the record and interrogate the defendant concerning whether he understands the rights he is waiving by pleading guilty** and whether there is any pressure upon him to plead guilty other than the consideration admitted on the record.

5. A trial court should **spread upon the record the defendant's education, whether he consulted with friends or relatives about his plea, any history of mental illness or drug use, the extent he consulted with counsel, and all other relevant matters** which will demonstrate to an appellate court or a trial court proceeding in Habeas corpus that the defendant's plea was knowingly and intelligently made with due regard to the intelligent waiver of known rights.

159 W.Va. at 191, 220 S.E.2d at 667  (emphasis added).

It is readily apparent from the hearing transcript that the circuit court conducted a thorough plea colloquy in this case, satisfying the requirements of Rule 11 and *Call v. McKenzie*.  At the conclusion of the hearing, the trial court noted that the hearing lasted for approximately sixty-five minutes.  During the course of the hearing, the terms of the plea agreement were reviewed with Mr. Boyce, and his education, understanding of the proceedings, and mental health status were discussed.  Mr. Boyce indicated that he had consulted with friends and family about the plea and had meetings with his counsel about the plea agreement before deciding how he wished to plead.  The lower court informed Mr. Boyce of his constitutional rights and that pleading guilty would result in waiver of some of those rights.

7

In response to the court's inquiry about the factual underpinnings of the crime to which the plea was being tendered, Mr. Boyce stated in his own words that he and Frank Stafford were fighting when Mr. Boyce killed Mr. Stafford by "holding a shoe string around Frankie's throat" until he was dead. The transcript reflects that the prosecutor provided additional facts as reflected in the following excerpt:

> It would be the State's evidence, your Honor, that between 10:00 p.m. on March 4th, 1991 and [] 1:00 a.m. on March 5th, 1991, that the defendant and Doug Jones administered a beating to the victim, Frankie Stafford, off the side of the road on Davis Creek between Loudendale and Davis Creek; that, thereafter, they went to a home of an individual – they put Frankie Stafford in the trunk alive, although beaten, they drove to the home of an individual, Pam Parsons, where they washed blood off their hands and arms.
>
> The witness, Pam Parsons, would testify that, upon leaving, Mr. Boyce asked for a wash rag to wipe the steering wheel off. We have that washcloth. It has the victim's blood on it. Pam Parsons will also testify that she heard Frankie Stafford and had seen Frankie Stafford earlier that evening in the company of Mr. Jones and Mr. Boyce, and she heard him in the trunk begging to be let out. After that, sometime later that evening, the three people drove up Kirby Holler, which at the time was a very desolate place – it was more of a four-wheel drive trail, although they got up in Mr. Jones' [sic] car which is a two-wheel drive car.
>
> At that point, the State's evidence would be that Mr. Boyce used his shoe string to strangle Frankie Stafford and that he was found with a shoe string around his neck, and his hands were bound behind him, and he was thrown over the side of this trail.

The State would further have evidence that Mr. Boyce was later seen without his shoe strings by his brother as well as a couple of other witnesses.

The only clarification to the summary of the State's evidence supplied by Mr. Boyce's counsel was that the car used in the commission of the crime was not Mr. Jones's car but Mr. Boyce's.

Although the record reflects that Mr. Boyce responded to numerous questions with a "yes" or "no" answer, the circuit court frequently followed up such responses either by rephrasing or asking if Mr. Boyce was sure of his response. Furthermore, the hearing transcript shows that Mr. Boyce proved capable of providing longer responses when he chose to do so during the course of the proceeding. It is clear from the record that all the established requirements for accepting a guilty plea were met and the plea was knowingly and intelligently made by Mr. Boyce.

While Mr. Boyce did not know that Mr. Jones's confession would later be overturned by this Court, that was not a fact in existence at the time Mr. Boyce decided to enter his plea. No one at the hearing had that knowledge. Mr. Jones's trial did not take place until six months after Mr. Boyce entered his guilty plea in November 1992, and Mr. Jones's confession was not determined to be inadmissible by this Court until 1995. To require that a criminal defendant must be informed of all *possible bases* upon which a co-defendant's case *may later be overturned* on appeal before a guilty plea may be accepted

would serve as a serious disincentive to the State offering plea agreements and trial courts accepting guilty pleas.

We further find that whether Mr. Boyce's arrest was based on information obtained from Mr. Jones's confession is irrelevant under the circumstances. Given the reason that this Court determined in 1995 that the Jones confession was inadmissible would not have served as a bar for law enforcement relying on the confession information to establish probable cause to arrest Mr. Boyce in 1992. Also, there is nothing to suggest that this was the sole basis for the arrest of Mr. Boyce as the State had witnesses and other evidence linking Mr. Boyce to the crime.

We find no basis to conclude that the circuit court committed procedural error in accepting Mr. Boyce's guilty plea after finding it was knowingly, voluntarily and intelligently made.

*B. Constitutional Error: Exculpatory Evidence*

Mr. Boyce next contends that his constitutional rights were violated when the State failed to provide him with exculpatory evidence regarding the illegality of Mr. Jones's arrest and the resulting inadmissibility of the statement he made. Mr. Boyce maintains that this was critical information having an affect on his decision to enter a plea of guilty. He argues that the State has a continuing obligation to provide a criminal defendant with

material evidence that is favorable to the accused's defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982).

As to the merits of this claim, the State argues that the facts in this case do not square with the elements constituting a due process violation pursuant to *Brady* and its progeny.[2]

The three components of a constitutional due process violation under *Brady* and *Hatfield* as set forth in syllabus point two of *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007), are:

> (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial.

In the present case, the State did not and could not have withheld evidence of the illegality and inadmissibility of the arrest and confession of Mr. Jones before Mr. Boyce tendered his guilty plea in February 1993. "Evidence is the demonstration of a fact; it

---

[2]The State also averred that the merits of this error did not have to be reached arguing both that Mr. Boyce lacked standing to assert the claim, and Mr. Boyce's unconditional guilty plea served to waive the nonjurisdictional matter at issue. Without addressing the validity of these assertions, we proceed to examine the merits of Mr. Boyce's due process claim.

signifies that which demonstrates, makes clear, or ascertains the truth of the very fact or point at issue, either on the one side or on the other." 31A C.J.S. *Evidence* § 2 (2008). It is axiomatic that a possibility, no matter how accurate a prediction it may turn out to be, is not evidence until the circumstance comes into existence. The State simply could not have suppressed evidence of a fact/circumstance/issue which did not exist at the time Mr. Boyce entered his plea of guilty. Mr. Boyce's plea was tendered and accepted in 1992, and this Court did not declare Jones's arrest as illegal and his confession inadmissible until *State v. Jones* was decided in 1995. As no exculpatory evidence was withheld by the State, there is no basis on which to proceed with a due process analysis pursuant to *Brady* and *Hatfield*. No constitutional error exists under these facts.

## IV. Conclusion

Finding no valid basis for the procedural or constitutional error asserted, the November 29, 2011, sentencing order of the Circuit Court of Kanawha County is affirmed.

Affirmed.

12